# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**SHAUN EUGENE REED,**

    Petitioner,

v.                                                 Civil Action No. 3:06CV101
                                                    Criminal Action No. 3:05CR3
                                                    (BAILEY)

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Doc. 12), dated September 21, 2007, the petitioner's corresponding objections (Doc. 14), filed October 5, 2007, and the petitioner's Notice of Supplemental Authority (Doc. 15), filed on April 16, 2008.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano**, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation that the petitioner objected. The remaining

portions of the report and recommendation to which petitioner did not object will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 12)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2255 are as follows. On December 11, 1985, the petitioner plead guilty to one count of armed robbery, a class two felony and petitioner's first offense, in the Superior Court of Arizona, Maricopa County. At the time petitioner was adjudicated guilty, A.R.S. § 13-904(A) did not include in its list of rights suspended by a felony conviction the right to possess a firearm. A.R.S. § 13-904(A) (1978). Also at that time, A.R.S. § 912 provided for the automatic restoration of civil rights for first offenders upon completion of the term of probation. A.R.S. § 912 (1978). However, thereafter, and during the petitioner's term of probation, the Arizona Legislature amended § 912 to exclude from restoration "a person's right to possess weapons as defined in § 13-3101 unless the person applies to a Court pursuant to § 13-905 or §13-906." A.R.S. § 912 (1988). Section 13-3101, in turn, defined "prohibited possessor" to include "any person: (b) who has been convicted within or without this state of a felony involving violence or possession and use of a deadly weapon or dangerous instrument and whose civil rights have not been restored." A.R.S. § 3101 (1978). Subsequently, the Arizona Legislature added "the right to possess a gun or firearm" to the list of rights automatically suspended by a felony conviction, effective on April 19, 1994. A.R.S. § 13-904 (1994); **State v. Olvera**, 191 Ariz. 75, 76 (App. Div. 2 1998).

On September 28, 2001, following the completion of his term of probation, the petitioner allegedly purchased a Winchester, Model 1300, 12 gauge shotgun, from a pawn shop in Ranson, West Virginia. In doing so, the petitioner attested that he had never been convicted of a crime for which the judge could have imprisoned him for more than one year. Thereafter, on April 6, 2004, local law enforcement responding to a complaint from a neighbor, arrested the petitioner and found him to be in possession of a Glock, Model 36, .45 caliber pistol, and a Mossberg, Model 835, 12 gauge shotgun. Following this arrest, the petitioner retained local Arizona counsel seeking to have his right to gun possession restored, which was successfully achieved on July 14, 2004 by order of the Superior Court of Arizona, Maricopa County. Prior to this date, the petitioner took no action in regard to the restoration of his civil rights.

On January 1, 2005, the petitioner was indicted in the Northern District of West Virginia for making false statements in connection with the purchase of a firearm and for being a prohibited person found in possession of firearms. The petitioner chose to face trial on the charges, but on the advice of counsel, chose to enter into a plea agreement with the United States following the close of the prosecution's case-in-chief. Specifically, the petitioner contends that his trial counsel informed him that no defense existed to the charges and that the potential effect of the revisions of the Arizona statutes on the defendant was a nonissue. Heeding his lawyer's advice, the petitioner entered into a plea agreement with the government in which the petitioner agreed to waive "his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255." Following a thorough Rule 11 Hearing, the Court accepted the plea agreement, and

the petitioner entered a guilty plea to count two of the indictment, charging him with being a prohibited person found in possession of firearms.

On September 27, 2007, the petitioner filed his motion pursuant to 28 U.S.C. § 2255 alleging that defendant's trial counsel was deficient in failing to move for an acquittal and in advising the defendant to enter into a plea agreement, and further, that trial counsel's deficient performance tainted the petitioner's subsequent waiver of his right to trial and his right to seek collateral review. In response, the United States contends that the petitioner made a knowing, voluntary, and intelligent waiver of his rights, and further, that trial counsel's performance was not deficient because petitioner has no defense under the *ex post facto* clause of the United States Constitution. In order to aid the decision making process, United States Magistrate Judge James Seibert conducted an evidentiary hearing to determine solely whether or not the petitioner knew that there may have been an issue about whether his right to possess a firearm was restored under Arizona law. Upon consideration, Magistrate Judge Seibert found that petitioner had in fact made a knowing, voluntary, and intelligent waiver of his rights, and as such, recommended that the petition be denied.

In his objections, the petitioner argues that the Magistrate Judge failed to adequately consider the argument that petitioner's waiver was tainted by the ineffective assistance of trial counsel. Furthermore, petitioner takes issue with a number of the Report and Recommendation's factual findings, including the findings that the petitioner knew there may have been an issue with the Arizona statute and that the petitioner was a prohibited possessor under Arizona law. In addition to the above, on April 16, 2008, the petitioner filed a Notice of Supplemental Authority (Doc. 15) arguing that the decision of the United

States Supreme Court in *Logan v. United States*, 128 S. Ct. 475 (2007), provides a complete defense to the charges alleged in the indictment.

In *Strickland v. Washington,* 466 U.S. 688 (984), the United States Supreme Court announced the two-part test for evaluating claims of ineffective assistance of counsel. Under *Strickland*, the defendant must first show that his counsel's performance "fell well below an objective standard of reasonableness." *Id.* at 687-88. Provided that this showing is made, the Court must still find that the results of the proceeding would have been different but for counsel errors. *Id.* at 687. Turning to the case at bar, because trial counsel's performance fell within the objective standard of reasonableness contemplated by *Strickland*, the petitioner's subsequent valid plea of guilty and subsequent valid waiver of collateral rights were not tainted by ineffective assistance of counsel.

The thrust of petitioner's ineffective assistance of counsel argument pegs trial as deficient for failing to investigate and pursue the "complete defense" that, any post adjudication statutory changes in the defendant's status regarding his right to firearm possession violate the *ex post facto* clause of the United States Constitution. That argument, however, is simply inconsistent with the law of governing challenges predicated on the Constitution's prohibition against *ex post facto* laws, as well as with Arizona precedent dealing with the particular application of the statutes at issue. *See Lynce v. Mathis*, 519 U.S. 433 (1997); *see also State v. Olvera*, 191 Ariz. 75, 76 (App. Div. 2 1998).

In order for a law to fall within the Constitution's prohibition against *ex post facto* laws, it "must be retrospective–that is 'it must apply to events occurring before its

enactment'–and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime." **Lynce**, 519 U.S. at 441 (citations ommitted). Unfortunately for the petitioner, any subsequent change in status regarding his right of firearm possession falls far short of meeting this standard. **See United States v. Farrow**, 364 F.3d 551 (4th Cir. 1999) (holding that the application of statutory amendment, expanding a five year suspension on firearm possession for convicted felons into an absolute ban, did not violate defendant's *ex post facto* rights even though the underlying felony occurred prior to the enactment of the amendment). To be sure, the Court notes the existence of **State v. Olvera**, an Arizona case dealing a defendant's *ex post facto* challenge to the 1994 amendment of A.R.S. § 13-904, which added "the right to possess a gun or firearm" to the list of rights automatically suspended by a felony conviction. **Olvera**, 191 Ariz. at 76. There, the Court of Appeals for Arizona found that the application of the amended version of A.R.S. § 13-904 to the defendant did not violate the Constitution's prohibition against *ex post facto* laws even though the defendant's underlying felony occurred prior to the amendment's enactment. *Id.* As indicated by the Court of Appeals of Arizona, "[t]he amendments did not amount to punishment for his earlier convictions. The statutory change made him a felon whose right to possess a firearm was suspended. Such impairment is not punishment." *Id.*

In light of the above, it cannot be said that trial counsel's decision to advise his client that he had no defense, that the effect of the Arizona statutes was a nonissue, and that the petitioner should take the plea agreement offered by the government was a breach of the objective standard of reasonableness contemplated by **Strickland**. As such, the Court

rejects petitioner's argument that his knowing, voluntary, and intelligent waiver of his right to trial by jury and his right to seek collateral review were tainted by trial counsel's ineffective assistance.

As a final matter, the Court notes that petitioner's reliance on ***Logan v. United States***, 128 S. Ct. 475 (2007) is misplaced. ***Logan***, involved a defendant, charged with being a prohibited person in possession of a firearm, who was found to be an armed career criminal under 18 U.S.C. Sec. 924(e)(1) based in part upon the fact that he had been convicted of three state-law misdemeanor batteries punishable by up to three years. ***See*** 18 U.S.C. 921(a)(20)(B). In rejecting that defendant's attempts to avail himself of 18 U.S.C. § 921(a)(20)'s exception, the Supreme Court merely held that "restored" does not include those persons whose civil rights were unaltered by state action. ***Logan***, 128 S. Ct. at 481-82. However, the reasoning of the ***Logan*** court has no bearing in a case like the one at bar where the defendant's right to possess a firearm was subsequently suspended by state regulation.

For the foregoing reasons, and those stated in the Report and Recommendation of the Magistrate Judge (Doc. 12), the Court hereby **ORDERS** as follows:

1. That the **Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Doc. 12) is ADOPTED;**

2. That **Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED;** and

3. That this case be **CLOSED and STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: April 30, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE